**FILED**
**Dec 23, 2025**
**08:28 AM(CT)**
**TENNESSEE COURT OF WORKERS' COMPENSATION CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| EDWIN BARNES,<br>   **Employee,**<br>**v.**<br>**ELECTROLUX,**<br>   **Employer.** | **Docket No. 2025-60-5786**<br><br>**State File No. 28475-2025**<br><br>**Judge Joshua Davis Baker** |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on December 18, 2025, on Mr. Barnes's requests for shoulder surgery and an attorney's fee payable by Electrolux. Electrolux denied that any benefits are due, asserting that Mr. Barnes did not injure himself at work, but if he did, his shoulder injury preexisted the work accident.

The Court holds that Mr. Barnes is entitled to the surgery but not attorney's fees at this time.

### Claim History

On November 14, 2024, Edwin Barnes saw Dr. David Moore at Elite Sports Medicine because he had pain in his left shoulder for about a year. Mr. Barnes said he had surgery on his shoulder several years back with Dr. Moore, but Dr. Moore did not remember and wrote, "[W]e have no record of that." After an examination that confirmed pain and weakness in Mr. Barnes's left shoulder, Dr. Moore recommended an MRI to see if he had a rotator cuff tear. Mr. Barnes's private insurance denied the MRI pending completion of physical therapy.

Mr. Barnes went to 15 physical therapy sessions, nine more than the prescribed six, and testified that the therapy improved the pain in his shoulder. He then returned to Dr. Moore's office on April 23, 2025, where a physician's assistant documented continuing weakness in his shoulder and recommended an MRI "to rule out a rotator cuff tear." Dr. Moore later reviewed and electronically signed the note.

On April 24, Mr. Barnes was working at Electrolux and found stacked bins of parts blocked his way when he went to change a die. Mr. Barnes tried twice to move the parts. On the second attempt, he said he felt a "significant pop" in his left shoulder. He reported the incident to his supervisor and went to the onsite medical clinic.

At the clinic, Mr. Barnes saw nurse Veronica Paredes Martinez, who completed a report. Ms. Paredes wrote that Mr. Barnes tried to move a stack of containers when he heard a "pop" in the front side of his left shoulder. She further wrote that Mr. Barnes said he had completed physical therapy and had an MRI scheduled for an injury to the same shoulder. She questioned Mr. Barnes about whether he gave medical notes about his "pre-existing shoulder injury" to human resources. Mr. Barnes replied that he did not bring any notes to human resources because he knew that "they don't allow employees under personal medical restrictions[.]"[1]

Ms. Paredes also wrote that the explanation of Mr. Barnes's accident was "under investigation" and the containers Mr. Barnes tried to move require a forklift. However, as Ms. Paredes was a nurse in the onsite clinic and did not testify, it is unclear how she had this knowledge or why it was relevant to her work as a nurse. At trial, Electrolux's safety manager also said the containers are moved by forklift only and that he did not believe the incident occurred.

After Ms. Paredes reported the injury, Mr. Barnes received a panel of physicians, selected Dr. Roy Johnson, and saw him the next day. Mr. Barnes recounted the incident that led to his injury to Dr. Johnson and told him that he was undergoing physical therapy for an injury to a "different part" of his left shoulder and had an MRI scheduled. He also later told Dr. Johnson that "he could not recall if he had [left] shoulder surgery in the past." Medical records, however, stated that he had earlier surgery on his left shoulder. When asked about this, Mr. Barnes said he thought he had, but Dr. Moore's office had no record of any left-shoulder surgery.

About two weeks after his first visit with Dr. Johnson, Mr. Barnes had an MRI that showed a biceps tendon rupture with retraction, a tear of the supraspinatus and infraspinatus tendons, and mild-to-moderate AC joint osteoarthritis. Dr. Johnson reviewed the MRI results and noted that Dr. Moore causally related Mr. Barnes's injury to his work for Electrolux. Dr. Johnson recommended an orthopedic assessment "for causation and determination of treatment." Electrolux gave Mr. Barnes a panel, and he selected Dr. Samuel Crosby.

---

[1] Presumably this implied that Mr. Barnes would not be allowed to work, although no proof showed that he was under work restrictions for his shoulder condition.

Mr. Barnes saw Dr. Crosby in July and told him he started having pain in his left shoulder after the work incident. Dr. Crosby diagnosed a traumatic, incomplete left-shoulder rotator cuff tear and a biceps tendon rupture with retraction. Dr. Crosby referred Mr. Barnes to Dr. Moore. Electrolux accepted Dr. Crosby's referral, but despite that, it declined to provide the surgery, prompting this hearing request.

To support its denial, Electrolux cited Mr. Barnes's history of shoulder surgeries and problems dating back over 25 years. It also noted that Mr. Barnes had just visited a doctor the day before the incident with pain complaints about the same shoulder. The complaints were so severe that Mr. Barnes was scheduled for an MRI.

Electrolux additionally asserted Mr. Barnes's lack of candor when reporting the injury and with Dr. Johnson. In short, Electrolux doubted that an incident even occurred and questioned Mr. Barnes's credibility for allegedly withholding information about his surgical history from Dr. Johnson. It further argued that Mr. Barnes's lack of candor and credibility made Dr. Moore's surgical recommendation suspect. Despite the suspicions, Electrolux never denied the claim.

Mr. Barnes testified that Electrolux denied the recommended surgery. However, because it never denied his claim, Mr. Barnes could not use his private insurance for surgery on a work injury, essentially leaving him without a treatment option, since he could not afford to pay for the surgery.

### Findings of Fact and Conclusions of Law

To receive benefits at an expedited hearing, Mr. Barnes must prove he is likely to prevail at a final hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court holds he met this burden and orders Electrolux to provide the recommended surgery.

Under the Workers' Compensation Law, an employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2025). To receive treatment, the employee must establish through expert medical evidence that the work accident was more than 50% the cause of the need for the recommended treatment. *Id.* § 50-6-102(12)(C)-(D). Further, any treatment recommended by the authorized treating physician or by referral is presumed reasonable and necessary for treatment of the workplace injury. *Id.* § 50-6-204(a)(3)(H).

Here, the surgical and injury history of Mr. Barnes's left shoulder is undeniable. His very recent complaints of pain and the referral for an MRI on that same body part before the work incident are also undeniable. These facts alone, however, do not give Electrolux license to deny reasonable and necessary medical care.

Mr. Barnes selected Dr. Crosby from a panel. Dr. Crosby causally related Mr. Barnes's injury to his work accident and recommended surgery. He then referred him to Dr. Moore. With the referral, Dr. Moore became the authorized treating physician. *See* Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii).

Dr. Moore then causally related Mr. Barnes's injury to the work incident and recommended surgery. Despite the opinion and recommendation from the treating physician, Electrolux continued to deny the surgery based on the suspicions of Ms. Paredes and its safety manager. As the Appeals Board has stated, "[P]arties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Dr. Moore has causally related Mr. Barnes's shoulder and bicep condition to his work accident. Further, the Court rejects Electrolux's argument that Mr. Barnes tried to conceal his surgical history. In fact, he directly informed nurse Paredes and Dr. Johnson that he was treating for pain in his shoulder and had an MRI scheduled. Also, Mr. Barnes told all the doctors that he had surgery on his left shoulder before, but Dr Moore told him no record of the surgery existed. Obviously, Dr. Moore's statements would have confused any person including Mr. Barnes.

In the end, Dr. Moore has recommended surgery for Mr. Barnes's left shoulder and the recommendation is presumed reasonable and medically necessary. There is no alternative medical opinion challenging the recommendation. So, the Court holds that Electrolux must provide Mr. Barnes surgery with Dr. Moore, the authorized physician.

Next, the Court turns to the requested attorney's fee. The Court may award fees when the employer "unreasonably fails to timely initiate any of the benefits" to which an employee is entitled, including medical benefits, "if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing[.]" *Id.* § 50-6-226(d)(1)(B). Attorney's fees at an interlocutory stage are warranted only in limited circumstances. *Thompson v. Comcast Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *29 (Jan. 30, 2018). While it is a close issue, the Court holds that unusual circumstances like in *Thompson* are not present here and denies the request for attorney's fees at this time.

**IT IS ORDERED** as follows:

1.  Electrolux shall provide the surgery recommended by Dr. Moore.

2.  Mr. Barnes's request for an attorney's fee is denied at this time.

3.  A status hearing is set for **Tuesday, March 10, 2026, at 10:00 a.m. Central Time.** You must call 615-741-2113 or 855-874-0474 to participate.

4.  Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).


**ENTERED December 23, 2025.**


_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**


## APPENDIX

1.  Medical records (TNComp Doc ID 153681, pages 15-57)
2.  Rule 72 declaration of Mr. Barnes (Doc ID 150638, pages 23-26)
3.  Employee's Description of Incident (Doc ID 150638, pages 19-20)
4.  Supervisor's Description of Incident (Doc ID 150638, page 27)
5.  Photograph of accident area (Doc ID 150638, page 31)
6.  Electrolux Incident Notification and Investigation (Doc ID 150638, page 32)
7.  Rule 72 declaration of Ms. Veronica Paredes Martinez, including attached exhibits (Doc ID 153681, pages 4-11)
8.  Choice of Physicians forms

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on December 23, 2025.

| Name | Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Adam Brock-Dagnan, Employee's attorney | | | X | adam.brockdagnan@forthepeople.com |
| Michael Haynie, Employer's Attorney | | | X | mhaynie@manierherod.com |


_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
wc.courtclerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*